**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                      **CRIMINAL ACTION**

**VERSUS**                                                          **No. 06-269**

**RONNELL VALLERY**                                         **SECTION I/4**

## ORDER AND REASONS

Before the Court is a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by defendant, Ronnell Vallery ("Vallery"). For the following reasons, Vallery's motion is **DENIED**.

### *Background*

On March 22, 2007 Vallery pled guilty to two counts of a superseding indictment, charging Vallery in count one with conspiracy to possess with the intent to distribute 50 grams or more of cocaine base ("crack"), a quantity of cocaine hydrochloride, and a quantity of heroin and marijuana and charging Vallery in count three with making a dwelling available for manufacturing, distributing, sorting and using controlled substances.[1] *See* 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 841(b)(1)(D), 856(a). Vallery also admitted that he had previously been convicted of a felony drug offense, which was final, as charged in a superseding bill of information filed to

---

[1] Rec. Doc. No. 116; Rec. Doc. No. 205; Rec. Doc. No. 381.

1

establish a prior conviction pursuant to 21 U.S.C. § 851(a).[2]

Prior to his re-arraignment, Vallery had entered into a plea agreement with the government whereby he agreed to plead guilty to counts one and three of the superseding indictment and the government agreed to dismiss the remaining counts.[3] Vallery also agreed to plead guilty to the superseding bill of information charging that Vallery had one prior felony drug offense in return for which the government agreed not to charge Vallery with two prior felony drug convictions which could have resulted in a mandatory life sentence.[4] Vallery further agreed to waive his right to appeal his conviction and/or sentence as well as his right to contest his conviction and/or sentence in any collateral proceeding under 28 U.S.C. § 2255. With respect to his waiver, the plea agreement provides:

> Except as otherwise provided in this paragraph, the defendant hereby expressly waives his rights to appeal from his conviction and/or sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742. The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal

---

[2]Rec. Doc. No. 381, p. 59.

[3]Rec. Doc. No. 118, pp. 1-2.

[4]*Id.*

2

and collateral challenge rights or the validity of the
guilty plea itself. Subject to the foregoing, the
defendant reserves the right to bring a direct appeal
of any sentence imposed in excess of the statutory
maximum.[5]

On June 21, 2007, the Court sentenced Vallery to the statutorily-mandated minimum sentence of 240 months as to count one and to 151 months as to count three, the terms of imprisonment to be served concurrently.[6] The Court also imposed a ten year term of supervised release as to each count, to be served concurrently. On motion of the government, the Court dismissed the remaining counts of the superseding indictment.[7]

Vallery filed this motion pursuant to 28 U.S.C. § 2255, arguing that his attorney denied him his Sixth Amendment right to effective assistance of counsel during the June 21, 2007 sentencing hearing.[8] Specifically, Vallery contends that his counsel "failed to object when the district court went above Vallery's statute maximum guideline sentence," that his counsel

---

[5] *Id.* at 3.

[6] Rec. Doc. No. 205. There is a discrepancy between the judgment, which states that a sentence of 151 months was imposed as to count three, and the sentencing transcript, which states that Vallery was sentenced to a term of 135 months as to count three. Nonetheless, the sentence for count three is to run concurrently with Vallery's 240-month sentence as to count one and it is, therefore, subsumed by the sentence imposed as to count one.
   Vallery's guideline range was 151 months to 188 months. However, because count one carried a mandatory minimum sentence of 240 months, the guideline range was restricted to 240 months. *See* Pre-sentence Investigation Report at 31 (revised June 21, 2007).

[7] *Id.*

[8] Rec. Doc. No. 374-2, p. 1.

3

failed to submit a motion to correct or reduce "the sentence error," that his counsel failed to advise him of the maximum sentence that he could receive, that his counsel's "assessment" that he would face 97 to 121 months "grossly underestimated" the 240-month sentence imposed, that his counsel failed to object to an untimely filing of the bill of information alleging a prior felony drug conviction, that his counsel failed to object when the Court "treat[ed] the guidelines as mandatory, instead of advisory, that his counsel failed to object to the indictment, that his counsel failed "to appeal his sentence from the defectiveness of the indictment," that his counsel informed him that he would receive a three-point reduction for acceptance of responsibility, and that his counsel failed to argue on appeal that Vallery had accepted responsibility.[9]

## *Law & Analysis*

**I. Overview of § 2255**

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a)

---

[9]*Id.*; Rec. Doc. No. 388.

4

(2008); *see Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 470, 7 L. Ed. 2d 417 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "[A] proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction . . . ." *United States v. Hayman*, 342 U.S. 205, 222-23, 72 S.Ct. 263, 274, 96 L. Ed. 232 (1952). The inquiry does not extend to the misapplication of sentencing guidelines. *See Williamson*, 183 F.3d at 462. If the court determines that the prisoner is entitled to relief "[it] shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C.. § 2255(b). "The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992) (citing *Andrews v. United States,* 373 U.S. 334, 339, 83 S. Ct. 1236, 1239, 10 L. Ed. 2d 383 (1963)). Pursuant to § 2255, the Court must grant defendant a hearing to determine the issues and make findings of fact and conclusions of law unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

**II. Standard of Law**

The standard for judging the performance of counsel was established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court articulated a two-part test for evaluating ineffective assistance claims that requires a defendant to prove (1) deficient performance and (2) resulting prejudice. *Id.* at 692-93. The Court first held that "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). In deciding ineffective assistance of counsel claims, the court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. *See Kimler*, 167 F.3d at 893.

A habeas corpus petitioner "need not show that 'counsel's deficient conduct more likely than not altered the outcome in the case.' But it is not enough, under *Strickland* 'that the errors had some conceivable effect on the outcome of the proceeding.'" *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting

6

*Strickland*, 466 U.S. at 693).

In *Hill v. Lockhart*, the United States Supreme Court held that the two-part *Strickland* standard was applicable to challenges to guilty pleas based on ineffective assistance of counsel. 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). With respect to the prejudice prong of *Strickland*, defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (quoting *Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370).

**III. Waiver of § 2255 Rights**

As part of his plea agreement, Vallery waived his right to contest his conviction and sentence, pursuant to 28 U.S.C. § 2255, "on any ground" except to the extent that he is able to establish that ineffective assistance of counsel directly affected the validity of this waiver...or the validity of the guilty plea itself."[10] Vallery reserved the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.[11]

The United States Court of Appeals for the Fifth Circuit has held that a defendant may waive his right to post-conviction

---

[10] Rec. Doc. No. 118.

[11] *Id.*

7

relief pursuant to 28 U.S.C. § 2255 if the waiver was knowing and voluntary. *United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002)(citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)); *see also United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). For the waiver to be knowing and voluntary, the defendant must know that he had a right to seek collateral review and that he was giving up that right. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994)(discussing waiver of appellate rights).

A claim for ineffective assistance of counsel may survive a waiver "when the claimed assistance directly affected the validity of that waiver or the plea itself." 307 F.3d at 343.[12] A claim of ineffective assistance of counsel at any other stage, such as sentencing, cannot overcome a knowing and voluntary plea or waiver. *Id.* at 341-43; *United States v. McCray*, No. 07-194, 2009 WL 1380304, at *4 (E.D. La. May 13, 2009)(Barbier, J.); *United States v. James*, No. 05-059, 2007 WL 2323385, at *6 (E.D. La. Aug. 10, 2007)(Vance, J.)("If a petitioner cannot establish that ineffective assistance of counsel rendered his plea unknowing or involuntary, then his waiver bars him from challenging other stages of the proceedings against him.").

---

[12]Additionally, a waiver cannot be enforced to bar review of a sentence that exceeds the statutory maximum or where the defendant correctly contends that the indictment clearly does not state an offense or where the factual basis for the plea agreement does not show that the defendant committed the offense. *White*, 307 F.3d at 341 n.2; *United States v. Hollins*, 97 Fed. App'x 477, 479 (5th Cir. 2004).

8

Therefore, as long as the plea and the waiver, itself, were knowing and voluntary and the contested issue is the proper subject of waiver, "the guilty plea sustains the conviction and sentence and the waiver can be enforced." *White*, 307 F.3d at 343-44.

**A. Validity of Guilty Plea**

Vallery claims that his counsel failed to advise him of the maximum sentence that he faced. Vallery also claims that his counsel's "assessment that he would face 97 to 121 months imprisonment grossly underestimated [the] 240 month sentence" that he received and that his counsel told him that he would receive a 120-month sentence if he pled guilty to possession with the intent to distribute 50 grams or more of cocaine base.[13]

For a guilty plea "[t]o be knowing and intelligent, the defendant must have 'a full understanding of what the plea connotes and of its consequences.'" *Hernandez*, 234 F.3d at 255. "The defendant need only understand the direct consequences of the plea; he need not be made aware [of] every consequence that, absent a plea of guilty, would not otherwise occur." *Id.; see also United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)("Due process requires that a guilty plea be a knowing and voluntary act; the defendant must be advised of and understand the consequences of the plea."). With respect to sentencing, a

---

[13]Rec. Doc. No. 34-2, p. 14.

defendant must only know the maximum term of imprisonment and fine that he faces. *Pearson*, 910 F.2d at 223. "'As long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences.'" *Id.* (quoting *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)). A defendant must also know of the possibility of sentence enhancement based on recidivism in order to ensure that the defendant has an opportunity to timely contest the enhancement. *Id.*

The record is clear that Vallery was aware of the maximum sentence that could be imposed and the enhanced minimum sentence mandated by statute as a result of his prior conviction for a felony drug offense. Vallery signed the March 22, 2007 plea agreement, which acknowledged that:

> defendant further understands that the penalty defendant may receive should his plea of guilty to Count 1 be accepted is: A) **for the cocaine base ("crack")**- a mandatory minimum of twenty (20) years and a maximum of life imprisonment and/or a fine not exceed the greater of that authorized in accordance with the provisions of Title 18, or eight million ($8,000,000.00) dollars, pursuant to Title 21, United States Code, Sections 841(b)(1)(A) and 851...[14]

During the re-arraignment hearing, the Court also advised Vallery of the maximum possible penalties he faced with respect to counts one and three and the mandatory minimum sentence

---

[14]Rec. Doc. No. 118, p. 2.

imposed by 21 U.S.C. § 841(b)(1)(A). Vallery confirmed that he understood that the Court could impose the maximum possible sentences explained to him.[15] Vallery also confirmed that he understood that any discussions with his attorney regarding sentencing guidelines were merely rough estimates and that the Court was not bound by such discussions.[16]

The Court also specifically informed Vallery that having a prior felony drug conviction, as charged in the superseding bill of information, would increase his penalties. After he was advised of the consequences of having a prior conviction for a

---

[15]At the re-arraignment, the Court confirmed Vallery's understanding of the penalties he faced as follows:
> **THE COURT:** Now, Count 1 of the superseding indictment charges that you conspired to possess with intent to distribute multiple controlled substances. Among those controlled substances, the most severe penalties are attached to the 50 grams or more of cocaine base. Accounting for your prior felony drug convictions, the maximum possible sentence which could be imposed on each of you in the event of a conviction with respect to Count 1, either upon a plea of guilty or after a trial at which you're found guilty, is a mandatory minimum of 20 years imprisonment and a maximum term of life imprisonment; a fine of not more than $8 million; and a term of supervised release of at least ten years.
> ...
> Now, Ronnell Vallery, the maximum possible sentence which could be imposed on you in the event of a conviction with respect to Count 3, either upon a plea of guilty or after a trial at which you're found guilty, is a maximum term of 20 years imprisonment; a fine of not more than $500,000; and a term of supervised release of not more than three years.
> ...
> Now, do each of you fully understand if I accept your guilty pleas, I could impose the maximum possible sentences I just related to each of you?
> ...
> **MR. VALLERY**: Yes, sir.

Rec. Doc. No. 381, pp. 17-20. Vallery and a co-defendant, Travis Randolph, were re-arraigned at the same time.

[16]*Id.* at 29.

felony drug offense, Vallery admitted to the Court that he was previously convicted of possession with the intent to distribute cocaine in violation of the Louisiana Revised Statutes, that he was sentenced to five years in prison, and that his sentence was suspended and he was placed on probation.[17] The Court further advised Vallery that any challenge to his prior conviction that he did not raise before sentencing could not be raised to attack his sentence in this matter.[18]

Notwithstanding Vallery's contentions of deficient performance by his counsel, it is clear that Vallery understood that the minimum sentence that he faced was 240 months based on his prior conviction for a felony drug offense. Vallery confirmed his understanding in a signed plea agreement and again in statements to the Court before the Court accepted his guilty plea. *See Wilkes*, 20 F.3d at 653 ("Solemn declarations in open court carry a strong presumption of verity."). Accordingly, even if his counsel incorrectly represented the applicable sentences to him, the record shows that Vallery's guilty plea was knowing

---

[17]*Id.* at p. 59.

[18] *Id.* at 60. Vallery admitted to the prior conviction for a felony drug offense in a signed plea agreement, in a signed factual basis, at his re-arraignment hearing, and again at his sentencing hearing. Rec. Doc. No. 118; Rec. Doc. No. 119, p. 8; Rec. Doc. No. 381, pp. 59-60; Rec. Doc. No. 399, p. 3 ("THE COURT: You are the Ronnell Vallery who previously [pled] guilty on January 24, 2002, in Orleans Parish Criminal District Court to possession with intent to distribute cocaine, a violation of the Louisiana Revised Statutes and were sentenced to serve five years in the custody of the Louisiana Department of Corrections and sentenced to active probation for three years, is that correct, sir? MR. VALLERY: Yes, sir.").

and voluntary.[19]

**B. Validity of Waiver**

The record likewise supports the validity of Vallery's waiver. Vallery signed a written plea agreement, acknowledging his agreement to waive his right to collateral review pursuant to 28 U.S.C. § 2255. The agreement set forth the limited grounds on which Vallery reserved his rights to review.[20] At Vallery's re-arraignment hearing, the Court confirmed that Vallery did indeed sign the agreement and the government summarized the terms of the waiver.[21] The Court also explained the terms of the waiver and Vallery indicated his understanding and agreement with the

---

[19] Given Vallery's admissions on the record that he had a prior felony drug conviction, which he does not dispute, the Court was bound to impose the mandatory minimum sentence of 240 months. Therefore, Vallery cannot establish that he was prejudiced by the alleged deficiency of his counsel. Even now, Vallery does not dispute his prior felony drug conviction, nor does he dispute the government's evidence establishing his guilt with respect to this conviction for the conspiracy.
  Moreover, Vallery does not allege that he would not have pled guilty but for his counsel's errors. Confusingly, Vallery states, "Had he known about his greater sentencing exposure, Vallery would have been far more likely to plead guilty (and thereby avail himself of the guidelines of § 3E1.1 reduction for acceptance of responsibility) rather than to proceed to trial." Rec. Doc. No. 374-2, p. 14. Additionally, as part of the plea agreement, the government agreed not to charge Vallery with two other prior felony drug convictions. To the extent that either of these convictions are valid for purposes of enhancement, Vallery would have faced a mandatory life sentence if he did not plead guilty as he did. *See* 21 U.S.C. § 841(b)(1)(A)("If any person commits a violation of this subparagraph...after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release....").

[20] Rec. Doc. No. 118, p. 3.

[21] Rec. Doc. No. 381, pp. 25-27 ("This plea agreement also outlines the fact that the defendants agree to waive their rights to appeal in connection with this conviction and their sentence that they may receive, including any petitions pursuant to Title 2255.").

13

terms.[22]

Nearly all of Vallery's claims focus on alleged deficiencies of counsel with respect to Vallery's sentencing. Indeed, Vallery claims that he was denied effective assistance of counsel "during the sentencing hearing."[23] In light of Vallery's knowing and voluntary waiver, his claims of ineffective assistance of counsel at sentencing are barred. *See McCray*, 2009 WL 1380304, at *4. Therefore, the Court need not reach the merits of the following claims: that his counsel was ineffective for not objecting to a sentence above the "statute maximum guideline sentence," that his counsel failed to timely submit a motion to correct his sentence under Rule 35, that his counsel failed to object to the Court considering the sentencing guidelines as mandatory[24], that his counsel failed to object to an untimely filing of the bill of information,[25] that his counsel informed him that he would

---

[22]*Id.* at p. 28.

[23]Rec. Doc. No. 374-2, p. 1.

[24]The Court notes that at Vallery's re-arraignment the Court advised Vallery that the Court has discretion to sentence outside of the guidelines because the guidelines are advisory, not mandatory. Rec. Doc. No. 381, p. 21. Nonetheless, the guidelines were not applicable as he faced a mandatory minimum sentence of 240 months. The Court explained the mandatory minimum sentence to Vallery at his re-arraignment and sentencing hearings. At the sentencing hearing, the Court explained, "Because of the mandatory minimum, the restrictive ranges, there is just, I have no discretion with respect to a portion of the sentence that I am going to impose today." Rec. Doc. No. 399, p. 5.

[25]To the extent that it was not waived by his plea agreement, Vallery's claim that his counsel failed to object to "an untimely filing of information alleging a prior drug conviction" is completely unsupported. The government filed the bill of information on March 1, 2007, twenty-one days prior to Vallery's re-arraignment. Pursuant to 21 U.S.C. § 851(a)(1),a bill of

receive a three-point reduction for acceptance of responsibility, and that his counsel failed to argue on appeal that he had accepted responsibility.[26]

**IV. Defective Indictment**

Notwithstanding, as previously stated, a waiver cannot be enforced where the defendant correctly contends that the indictment clearly does not state an offense. *White*, 307 F.3d at 341 n.2. Therefore, the Court will address the merits of Vallery's claim that the indictment failed to state an offense and that his counsel was ineffective for failing to object to the indictment or "appeal [the] sentence from the defectiveness of the indictment."[27] Although vague, Vallery appears to argue that the superseding indictment failed to state a quantity of drugs.[28]

---

information alleging prior convictions need only be filed "before trial, or before entry of a plea of guilty." The rationale behind a timely filing of a bill of information is to "provide defendants with the notice necessary to allow them to challenge the contents of the...information." *United States v. Steen*, 55 F.3d 1022, 1026 (5th Cir. 1995). As previously discussed, the Court provided Vallery with an opportunity to contest the bill of information at his re-arraignment and further reminded him that he must object prior to sentencing. Vallery does not contest the contents of the bill of information.

[26] Vallery's counsel argued at sentencing that Vallery had accepted responsibility. Rec. Doc. No. 399, p. 4. Moreover, Vallery received a three-point reduction for acceptance of responsibility. *See* Presentence Investigation Report, p. 22, line 133 (revised June 21, 2007).

[27] Rec. Doc. No. 374-2, p. 33.

[28] Rec. Doc. No. 374-2, pp. 22, 29. Given the cut-and-paste nature of Vallery's memorandum, the Court has some difficulty understanding Vallery's claims. On one page of his memorandum, Vallery states, "The Indictment failed to allege that the act was done with the intent to commit." However, the Court assumes that Vallery copied this claim from another petition as a subsequent sentence states, "That denied Melvin Lutcher Sr. of his 5th Amendment right to Due Process of the Law of the U.S. Constitution." *Id*. at p. 30. Moreover, counts 1, 2,3, and 15 of the superseding indictment all allege that Vallery committed acts "intentionally." Rec. Doc. No. 12. Count one specifically

15

"An indictment is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and ensures that there is no risk of multiple prosecutions for the same offense." *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003)(quoting *United States v. Sims Bros. Constr., Inc.*, 277 F.3d 734, 741 (5th Cir. 2001)). "Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged." *Id.* (quoting *United States v. Ramirez*, 233 F.3d 318, 323 (5th Cir. 2000)).

Following the United States Supreme Court's decision in *Apprendi v. New Jersey*,[29] holding that any fact that increases a penalty beyond the prescribed statutory maximum must be proven to the jury beyond a reasonable doubt, the Fifth Circuit concluded that with respect to violations of 21 U.S.C. § 841(b)(1), the quantity of drugs is an element of the offense. *United States v. Doggett*, 230 F.3d 160, 164 (5th Cir. 2000). Therefore, "if the government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. 841(b)(1)(A) or (B), the quantity must be stated in the indictment...." *Id.* at 164-65; *United States v. Moreci*,

---

states that Vallery "did knowingly and intentionally" conspire to possess with the intent to distribute 50 grams or more of cocaine base. *Id.*

[29] In *Apprendi*, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

283 F.3d 293, 297 (5th Cir. 2002). If an indictment does not state a drug quantity, then the maximum penalty that may be imposed is limited to the maximum sentences prescribed in §841(b)(1)(C) or (D), depending on the type of drug. *Moreci*, 283 F.3d 297-98 (stating that the statutory maximum of five years' imprisonment under 841(b)(1)(D) became the default when an indictment failed to allege a quantity of marijuana.); *United States v. Garcia*, 242 F.3d 593, 599-600 (5th Cir. 2001).

With respect to the two counts of which Vallery was convicted, only count one required an allegation of drug quantity.[30] Count one charges that Vallery and eight other co-defendants "did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, to possess with the intent to distribute 50 grams or more of cocaine base ("crack") and a quantity of cocaine hydrochloride, both Schedule II narcotic drug controlled substances and a quantity of heroin and marijuana, both Schedule I drug controlled substances; in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C) and 841(b)(1)(D); all in violation of Title 21,

---

[30]Count three charges that Vallery violated 21 U.S.C. § 856(a), which does not require a quantity of drugs. Section 856(a) makes it unlawful "for anyone to knowingly open or maintain any place for the purpose of manufacturing, distributing, or using any controlled substance." Fifth Circuit Pattern Jury Instructions (Criminal) § 2.91 (2001). The statute contains no reference to a quantity of drugs. *See* 21 U.S.C. § 856(a). Indeed, the penalty provision sets the maximum term of imprisonment at twenty years, regardless of the quantity of drugs involved. 21 U.S.C. § 856(b).

17

United States Code, Section 846."[31]

Count one follows the language of 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 846 and further gave Vallery notice of the elements of conspiracy.[32] Notwithstanding Vallery's claims, the superseding indictment alleges a drug quantity and, therefore, properly states an offense under § 841(b)(1)(A). The fact that the indictment alleges the drug quantity as "50 grams or more" of cocaine base does not make the indictment defective. *See United States v. Hayes*, 2006 WL 1581196, at *9 (W.D. La. Jan. 24, 2006) (stating that the § 841(b)(1)(A) minimum threshold of 50 grams, rather than a specific amount, was the "element" that the jury was required to determine). Any objection or motion to dismiss would have lacked merit. Therefore, Vallery's counsel was not ineffective for failing to object to the superseding indictment. *See Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007).

Accordingly,

**IT IS ORDERED** that the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and Vallery's petition for post-conviction relief is **DISMISSED WITH PREJUDICE.**

---

[31]Rec. Doc. No. 12.

[32]The elements of conspiracy under 21 U.S.C. § 846 are "(1) an agreement between two or more persons to violate the narcotics laws; (2) the defendant's knowledge of the agreement; and (3) the defendant's voluntary participation in the conspiracy." *Thomas*, 348 F.3d at 82 (quoting *United States v. Booker*, 334 F.3d 406, 409 (5th Cir. 2003)).

New Orleans, Louisiana, August ___11th___, 2009.

*[signature]*

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**