UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 06-269 |
| RONNELL VALLERY | SECTION I |

### ORDER AND REASONS

Pursuant to 18 U.S.C. § 3582(c)(2), certain federal defendants can move for reduction of their sentences based on amendments to the United States Sentencing Guidelines.  *Pro se* defendant, Ronnell Vallery ("Vallery"), has filed a motion[1] for appointment of counsel because he believes that he may be entitled to a sentence reduction in light of U.S.S.G. App. C. Amendment 794 ("Amendment 794").[2]  Because Vallery is currently serving a mandatory minimum sentence of 240 months, he is not eligible for a sentencing reduction, and his motion should therefore be denied.[3]

Vallery "has no constitutional right to appointed counsel for the purpose of bringing a § 3582(c)(2) motion."  *United States v. Forge*, 401 F. App'x 984 (5th Cir. 2010) (citation omitted). Nor does he have a statutory right to an attorney.  *United States v. Whitebird*, 55 F.3d 1007, 1011

---

[1] R. Doc. No. 487.

[2] Amendment 794 was issued on November 1, 2015.  *See United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016).  It was passed as a "clarifying amendment" in order to provide additional guidance to sentencing courts in determining whether a mitigating role adjustment applies under U.S.S.G. § 3B1.2.  U.S.S.G. App. C. Amendment 794.  The U.S. Sentencing Commission did not make Amendment 794 retroactive to all cases.  *See* U.S.S.G. § 1B1.10(d) (2015).  Furthermore, contrary to Vallery's contention in his brief, the Ninth Circuit's decision in *Quintero-Leyva* only applied Amendment 794 retroactively in the context of a direct appeal, not for the purposes of a motion for sentence reduction pursuant to § 3582(c)(2).  *See* 823 F.3d at 521.

[3] Indeed, this Court has previously denied motions to reduce sentence by Vallery for the same reason.  *See* R. Doc. Nos. 364, 436.

(5th Cir. 1995); *see also United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010).  Instead, the Court must appoint counsel to represent Vallery only if fundamental fairness or the interests of justice require such an appointment.  *United States v. Armstrong*, 637 F. App'x 143, 144 (5th Cir. 2016) (citing *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008); *Whitebird*, 55 F.3d at 1011).

Pursuant to § 3582(c)(2), a defendant's sentence may be modified if he was sentenced to "'a term of imprisonment based on a sentencing range that subsequently was lowered by the Sentencing Commission.'"  *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009) (quoting § 3582(c)(2)).  However, a reduction under § 3582(c)(2) is not authorized if an amendment does not lower the guideline range due to, for example, the operation of a statutory mandatory minimum sentence.  *United States v. Kelly*, 716 F.3d 180, 181 (5th Cir. 2013) (citing U.S. SENTENCING GUIDELINES MANUAL § 1B1.10, cmt. n. 1(A)).

Because Vallery is serving a mandatory minimum sentence of 240 months pursuant to 21 U.S.C. § 841(b), a reduction under 18 U.S.C. § 3582(c)(2) is not permitted.  Furthermore, because Vallery's request for a reduction is an uncomplicated matter that does not turn on unresolved or disputed issues, neither fundamental fairness nor the interests of justice require this Court to appoint an attorney to represent him before resolving it.  *See Armstrong*, 637 F. App'x at 144.

**IT IS ORDERED** that Vallery's motion to appoint counsel is **DENIED**.


New Orleans, Louisiana, August 24, 2016.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

2